IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TODD A. ENGLISH | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:16-CV-306 |
| | § | |
| THOMAS J. VILSACK, Secretary | § | |
| United States Department of Agriculture | § | |
|     Defendant | | |

## **COMPLAINT**

COMES NOW the Plaintiff, Todd A. English, by and through his attorney, Jon R. Ker, and complains of Defendant, Thomas J. Vilsack, Secretary, United States Department of Agriculture, and for cause of action would show unto the Court the following:

### I.  PARTIES

1. Plaintiff Todd A. English is an individual who is a citizen of the State of Texas and an employee of the Defendant.  Plaintiff is a Caucasian male residing in the County of Bell, Texas, who was subjected to reverse discrimination and timely filed his Charge of Discrimination with the Agency.  The Agency has rendered its Final Agency Decision which was received by the Plaintiff on May 2, 2016.

2. Defendant is the Secretary, United States Department of Agriculture, a Department of the United States of America, and may be served by delivering a copy of the Summons and Complaint to the United States Attorney for the Western District of Texas and  a copy of the Summons and Complaint to the Attorney General of the United States by Certified Mail, Return Receipt Requested, at 950 Pennsylvania Avenue NW, Washington, D. C. 20530,

1

and a copy to the Defendant by Certified Mail, Return Receipt Requested, at 1400 Independence Avenue, SW, Washington, D.C. 20250.

## II.   JURISDICTION AND VENUE

3.   This is a proceeding *inter alia* to redress the Title VII deprivation of rights secured to the Plaintiff by 42 USC § 2000e, *et seq*.

4.   The unlawful employment practices and acts of Defendant alleged below were committed within Bell County, Texas.  Accordingly, venue lies in the United States District Court for the Western District of Texas, Waco Division.

## III.   STATEMENT OF FACTS

5.   Plaintiff is a Housing Technician, GS-1101-07, Rural Development, Single Family Housing Division, Temple, Texas and has fully and faithfully performed all of his employment services for the Defendant in at least a satisfactory manner.  Plaintiff began his employment with Defendant in August 2009.

6.   Defendant willfully discriminated against Plaintiff on account of Plaintiff's sex in violation of 42 USC § 2000e-2 with respect to the terms, conditions and privileges of employment by favoring female employees, all to the detriment of Plaintiff.

7.   The Defendant has undertaken a pattern and practice of discrimination and subsequent retaliation against the Plaintiff for having participated in protected activity to the point where Plaintiff has been notified by the Defendant of its intention to remove Plaintiff from federal employment.

8.   Empowered by the Defendant, Plaintiff's female supervisor, Theresa Jordison, Housing Program Director, GS 1165-13/6, and Texas State Director, Paco Valenin, created,

allowed and encouraged a hostile work environment against Plaintiff because of his sex through discriminatory words and actions, including but not limited to referred to Plaintiff as a "dumb shit," repeated derogatory references to Plaintiff during staff meetings, falsely accusing Plaintiff of acts he had not committed, and threats of terminating his employment.

9. The result of the discriminatory, retaliatory and hostile actions of the Defendant is exemplified by Plaintiff now being placed on administrative leave and informed of his impending termination.

10. Plaintiff's supervisor, Theresa Jordison, rated Plaintiff as "unacceptable" and "does not meet" standards despite Plaintiff having fully performed his duties in at least a satisfactory manner. Ms. Jordison took this action against Plaintiff in order to prevent Plaintiff's eligibility for promotional opportunities and to promote female employees under her supervision to the discriminatory detriment of Plaintiff.

### IV. DAMAGES

11. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered the following injuries and damages.

    a. Plaintiff was denied promotional opportunities to positions for which he was qualified but declared ineligible as a result of the discriminatory performance appraisal, which positions were filled by females discriminatorily protected by the Defendant, resulting in lost pay and benefits to the Plaintiff.

    b. Plaintiff has been advised that his federal employment will be terminated which will cause further loss of pay and benefits.

    c. Plaintiff seeks compensation for all lost wages and benefits, including

Social Security and medical benefits. Once terminated, reinstatement to his former position will be impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and benefits.

        d.      Plaintiff has suffered physical illness and severe mental anguish and emotional distress.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.      Prior to filing this civil action, Plaintiff timely filed a written Charge of Discrimination with the EEO office of the USDA subsequent to the discriminatory and retaliatory acts of the Agency. On or about April 14, 2016 the Agency entered its Final Agency Decision denying Plaintiff relief which was received by Plaintiff on May 2, 2016. This Complaint is filed within ninety (90) days of receipt of the Final Agency Decision.

## VI. FIRST CLAIM FOR RELIEF

13.      Plaintiff incorporates the allegations contained in paragraphs 1 through by 12 reference herein as if restated at length.

14.      Defendant, in violation of Title VII, unlawfully undertook a pattern of discriminatory, retaliatory and hostile practice of continuous acts intending to force Plaintiff to resign or quit his employment.

15.      When Plaintiff did not so resign, but rather filed his Charge of Discrimination, the frequency and degree of unlawful acts toward Plaintiff increased.

16.      Among other things, Plaintiff has been subjected to unwarranted annual performance appraisal ratings of "unacceptable" and "does not meet", which had the effect of making Plaintiff ineligible for promotional opportunities as well as within grade step increases.

17.      The acts and actions of Defendant toward Plaintiff constitute reverse

discrimination based on his sex, male, and created a hostile work environment. Plaintiff is entitled to an award, *inter alia*, of back pay, promotions and advancements he would have received but for the discriminatory acts and practice against him, front pay, benefits and compensatory damages against the Defendant, all for which Plaintiff prays judgment.

### VII.   SECOND CLAIM FOR RELIEF

18.   Plaintiff incorporates the allegations contained in paragraphs 1 through 17 by reference herein as if restated at length.

19.   The acts, actions and practices of Defendant were retaliatory toward Plaintiff for his participation in protected activity. Plaintiff is entitled to an award *inter alia,* of back pay for promotions and advancements Plaintiff would have received but for the actions taken against him, reasonable front pay, benefits and compensatory damages against Defendant, all of which Plaintiff prays judgment.

### IX.   THIRD CLAIM FOR RELIEF

20.   Plaintiff is entitled to an award of reasonable attorney's fees and costs purusant to Title VII, 42 USC § 2000e-5(k) for which he now sues.

### X.   DEMAND FOR JURY TRIAL

21.   Pursuant to 42 USC § 1981a(c) Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for judgment against Defendant as follows:

    a.   Money judgment representing compensatory damages, lost wages, front pay, retirement benefits and other employment benefits, together with interest on said amounts, together with all pay increases, advancements, and promotions to which

        Plaintiff would be entitled but for the discriminatory and retaliatory actions taken against him;

b.    Money judgment representing prejudgment interest;

c.    This Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court and the Court require Defendant to file such reports as may be necessary to supervise such compliance.

d.    Awarding Plaintiff costs of this action, reasonable attorney's fees, prejudgment and postjudgment interest, expert witness fees and expenses associated with the bringing of this action; and

g.    For such other and further relief as may be just and proper in the premises.

        Respectfully submitted,

        LAW OFFICE OF JON R. KER, P.C.
        P. O. Box 1087
        Hewitt, Texas 76643
        Telephone: (254) 666-1122
        Facsimile: (254) 666-0903
        attyker@aol.com; attyker@yahoo.com

        BY:      /S/ JON R. KER
           JON R. KER, Texas Bar No. 11327700

        ATTORNEY FOR PLAINTIFF