# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————————

No. 18-50530

———————————————

D.C. Docket No. 6:16-CV-306

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2019

Lyle W. Cayce
Clerk

TODD A. ENGLISH,

       Plaintiff - Appellant

v.

SONNY PERDUE, Secretary, USDA,

       Defendant - Appellee

       Appeal from the United States District Court for the
       Western District of Texas

Before HIGGINSON and WILLETT, Circuit Judges and BROWN, District Judge[*].

## J U D G M E N T

    This cause was considered on the record on appeal and the briefs on file.

    It is ordered and adjudged that the judgment of the District Court is affirmed.

    IT IS FURTHER ORDERED that each party bear its own costs on appeal.

Certified as a true copy and issued
as the mandate on Sep 16, 2019

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

---

[*] District Judge of the Northern District of Mississippi, sitting by designation

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50530

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2019

Lyle W. Cayce
Clerk

TODD A. ENGLISH,

> Plaintiff - Appellant

v.

SONNY PERDUE, Secretary, USDA,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CV-306

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.[1]

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Todd English, an employee of the United States Department of Agriculture (USDA), brought claims for sex- and age-based discrimination, hostile work environment, and retaliation against the Secretary of Agriculture

---

[1] Debra M. Brown, United States District Judge, Northern District of Mississippi.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50530

in his official capacity. The district court granted the Secretary's motion to dismiss for failure to state a claim, and we affirm.

English, through counsel, filed his original complaint in July 2016 and an amended complaint in July 2017. The Secretary moved to dismiss, and a magistrate judge recommended that the motion be denied. Shortly afterwards, English filed a second amended complaint with the magistrate judge's leave.[2] English's counsel then withdrew.[3] Contrary to the magistrate judge's recommendation, the district court granted the Secretary's motion to dismiss, prompting English's appeal.

For the purposes of this appeal, we focus on the second amended complaint, taking its well-pleaded allegations as true. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018).[4]

---

[2] The magistrate judge provided leave at a telephonic status conference. A minute entry for the conference reflects that English's counsel had said he intended to file a second amended complaint. "He asked if he needed leave of Court to file it and [Magistrate] Judge Manske told him to go ahead and file it since [Assistant U.S. Attorney] Cooper did not have an objection."

[3] English has proceeded *pro se* since then. In this appeal, he challenges the magistrate judge's approval of his counsel's motion to withdraw. The magistrate judge had denied two previous motions to withdraw. The magistrate judge granted counsel's third motion, which was accompanied by an affidavit citing fundamental disagreement over the scope of representation, among other problems. The depth of that disagreement is evident from the lengthy portion of English's brief addressing the issue.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The matter of attorney withdrawal is "entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id.* (quotation omitted). We see no abuse of discretion here.

[4] English's brief adds extensive detail not present in his complaint. His arguments against the district court's dismissal of his lawsuit are based largely on this new detail. We cannot and do not consider English's many allegations advanced for the first time on appeal. *See Edionwe v. Bailey*, 860 F.3d 287, 293 n.1 (5th Cir. 2017). If we did consider English's new allegations, their focus on civil-service rules and on an apparent union-related dispute in English's workplace—to the near-total exclusion of the antidiscrimination laws on which his suit is based—would strengthen our conclusion, explained below, that English's sex or age did not plausibly cause his troubles at work.

No. 18-50530

English's complaint explained that he is a man over age 40 who, at the relevant time, was employed by the USDA Office of Rural Development's Single Family Housing Division in Temple, Texas. English alleged that his supervisor, Theresa Jordison, and the state director, Francisco Valentin, discriminated against him based on his age and sex, created a hostile work environment, and retaliated against him after he filed an Equal Employment Opportunity complaint. He invoked both Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*[5]

English's disparate-treatment allegations centered on a female coworker under age 30 who was allegedly "groom[ed] for promotion" by Jordison and given "assignments and opportunities" that English believed he should have received. English asserted that Valentin likewise gave female coworkers preferential treatment. English also said that he received an unwarranted "Does Not Meet" performance review from Jordison that rendered him ineligible for promotion.

English's complaint also alleged that he experienced a work environment made hostile by the conduct of Jordison and his coworkers. He said that Jordison ridiculed and berated him publicly, subjected him to unwarranted scrutiny, and dealt unfairly and capriciously with his work leave, among other wrongs. Jordison also allegedly tolerated snide remarks toward English by his coworkers[6] and, when English complained, told him to find another job.

English further claimed that he experienced retaliation "for pursuing a Charge of Discrimination." The complaint did not say when he filed that

---

[5] English cited the ADEA for the first time in his second amended complaint. He mentioned age discrimination in his first amended complaint, but without citing or naming the statute.

[6] A "younger female coworker" allegedly called English a "dumb sh*t."

3

No. 18-50530

charge, but it did say that, "subsequent to [English] filing his Charge,"
Valentin undertook various retaliatory acts. Those acts included an
"unreasonable and warrantless investigation," unjustified placement of
English on administrative leave, restrictions on him in the workplace, and a
transfer to another job. Though it seems from English's complaint that the
allegedly hostile work environment existed before he filed his Charge, English
alleged that the environment grew yet more hostile afterwards.

Reviewing English's first amended complaint, the magistrate judge
recommended denying the Secretary's motion to dismiss as to two Title VII
claims: English's hostile work environment claim, and the retaliatory hostile
work environment claim that English seemingly intended to bring.[7] The
magistrate judge also recommended granting leave to amend, due to English's
complaint conflating the various types of claims under Title VII. The
magistrate judge later granted that leave himself.

The district court, contrary to the magistrate judge's recommendation,
granted the Secretary's motion to dismiss. Focusing on English's first amended
complaint, the district court concluded that English's complaint failed to plead
the requisite causal links adequately. In the district court's view, English did
not plausibly allege that he experienced discrimination or hostility due to his
sex or his age, nor did he plausibly allege that the alleged retaliatory acts he
endured were due to the protected activity of filing a Charge of
Discrimination.[8]

---

[7] This court has not yet recognized the latter claim, though the other circuit courts have. *See Heath v. Bd. of Supervisors for So. Univ. and Agric. and Mech. College*, 850 F.3d 731, 741 n.5 (5th Cir. 2017).

[8] Though the district court focused on English's first amended complaint, it acknowledged the second amended complaint and ruled that it did not remedy the deficiencies of the earlier filing.

No. 18-50530

"We review a district court's grant of a motion to dismiss based on failure to state a claim de novo, accepting all well-pleaded facts in the complaint as true." *Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013). "We affirm the district court's grant of a motion to dismiss when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise its right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 330 (quotation omitted). "To state a claim that is facially plausible, a plaintiff must plead factual content that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

We begin with English's hostile work environment claims. To establish a hostile work environment claim under Title VII, the plaintiff must prove that he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Williams-Boldware v. Denton County, Tex.*, 741 F.3d 635, 640 (5th Cir. 2014). To establish the equivalent claim under the ADEA, the plaintiff must show that (1) he was over the age of 40; (2) he was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

The district court correctly concluded that English did not adequately plead that his allegedly hostile work environment was based on his sex or his age. Nothing in his allegations makes it more than merely speculative that his

No. 18-50530

sex or age caused the various forms of hostile treatment he allegedly endured. His complaint lacks, for instance, allegations of hostile age-based remarks that we have previously found adequate to state a claim. *E.g.*, *Dediol*, 655 F.3d at 438 (concerning an elderly man berated as "old man," "pops," and "old m*****f*****"). The one allegedly hostile remark directed at English, *supra* note 16, was not sex- or age-related. Even if it were, "isolated incidents (unless extremely serious)" are insufficient for a hostile work environment claim. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). Moreover, though English alleged a variety of inconsiderate and even mean conduct in his workplace, he described that conduct only in a conclusory fashion. None of his allegations plausibly shows that his sex or age was the basis of the allegedly hostile conduct he experienced. As such, dismissal was the appropriate course. *See Raj*, 714 F.3d at 331.

We turn next to English's retaliation claims. To state a retaliation claim under Title VII, a plaintiff must show that (1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015). A retaliation claim under the ADEA entails the same showing. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015).

The district court correctly concluded that English failed to state a retaliation claim because he did not show a causal link between protected activity and adverse action. In retaliation cases, "causation is difficult to prove" and calls for "a highly fact specific" analysis. *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994). Among other factors, we have suggested that an employee's "past disciplinary record," an employer's departure from "typical policy and procedures," and "the temporal relationship between the employee's

No. 18-50530

conduct and discharge" might shed light on the causal component of a retaliation claim. *Id.*

As the district court noted, English's complaint contained no temporal detail other than that various alleged acts by the state director, Valentin, were "subsequent to" English's protected activity and that the frequency and degree of mistreatment increased. "[T]he mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case." *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997). Indeed, we look for close temporal proximity when reviewing pleadings for sufficient allegations. *Compare Wooten*, 788 F.3d at 499 (deeming complaint plausible where all retaliatory acts occurred within seven months of protected activity, after a decade of unblemished employment), *with Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 870 (5th Cir. 2016) (deeming twenty-one-month lag too long for plausibility), *and Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (three- to nine-year lag too long). By failing to provide temporal detail, English left unused an important means of showing causation. His complaint also lacked other allegations that might have made up for the deficiency.[9]

This absence of detailed allegations is likewise fatal to English's retaliatory hostile work environment claims. Because he has not plausibly alleged a causal connection between his protected activity and the various misfortunes that befell him thereafter, we need not decide whether to join the

---

[9] English's allegation that Jordison did not place him on a "performance improvement plan" as required by departmental rules before she gave him a poor performance review might seem like a departure from "typical policy and procedures," which can have causal significance according to *Nowlin*. *See* 33 F.3d at 508. But without temporal detail, there is no way to tell whether this alleged departure occurred before or after English's protected activity and thus no way to decide whether it lends plausibility to English's claims.

No. 18-50530

rest of the circuit courts in recognizing a retaliatory hostile work environment claim. *See Heath*, 850 F.3d at 741 n.5.

Next, we read English's complaint as attempting to state a disparate-treatment claim based on sex and age, given the allegations about the preferential treatment enjoyed by a younger female coworker.[10] At the pleading stage, a plaintiff is not required to "make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss." *Raj*, 714 F.3d at 331. Nevertheless, the plaintiff's allegations still must plausibly address "the ultimate question in a Title VII disparate treatment claim," that is, "whether a defendant took the adverse employment action against a plaintiff *because of* [his or] her protected status." *Raj*, 714 F.3d at 331 (quotation omitted). Likewise for the ADEA. *See Leal*, 731 F.3d at 410–12.[11]

Much of what English identifies as preferential treatment is not cognizable as an adverse employment action. "Adverse employment actions are ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating." *Stroy v. Gibson on behalf of Dep't of Vet. Affairs*, 896 F.3d 693, 699 (5th Cir. 2018) (quotation omitted). "[A]n employment action that does not affect job duties, compensation, or benefits is not an adverse action." *Id.* (quotation omitted). Complaints that coworkers got to socialize with higher-ups, for instance, do not count.

To the extent any of English's claimed misfortunes did "affect job duties, compensation, or benefits," his disparate-treatment theory has the same

---

[10] The district court did not deal expressly with disparate treatment.

[11] Though English is a federal employee, the parties and the district court did not address the difference between the causal element of ADEA claims for federal employees versus private or local-government employees. *See Leal*, 731 F.3d at 410–12 (contrasting the lesser showing required under 29 U.S.C. § 633a, concerning federal employees, with "the more restrictive burden of proof" under § 623(a), concerning non-federal employees). We apply *Leal*'s treatment of federal employees' required showing here.

No. 18-50530

weakness as his hostile work environment claims: a dearth of allegations showing he was mistreated due to his sex or age. That another employee was treated better and given more opportunities does not become actionable under federal law just because she was female or because she was younger. More is needed to raise English's claims above a speculative level. Consequently, English's disparate-treatment claims do not warrant reversing the district court and permitting this suit to proceed.

Finally, we do not consider the issues raised in English's brief regarding the U.S. Attorney's representation of the Secretary. "We consider issues raised for the first time on appeal only in extraordinary instances to avoid a miscarriage of justice." *United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1042 n.32 (5th Cir. 2016) (quotation omitted). Nothing out of the ordinary is evident here.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 16, 2019

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

          No. 18-50530    Todd English v. Sonny Perdue
                          USDC No. 6:16-CV-306

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         *Claudia N. Farrington*

                         By: _____
                         Claudia N. Farrington, Deputy Clerk
                         504-310-7706

cc:  Mr. Charles Kneeland Cooper IV
     Mr. Todd A. English
     Ms. Liane Ngin Noble